UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10630-RGS

LOUISE DURAND

v.

MASSACHUSETTS DEPARTMENT OF HEALTH, et al.

MEMORANDUM AND ORDER
ON NON-PARTY JOURNALIST'S MOTION TO QUASH

May 28, 2013

STEARNS, D.J.

The motion to quash the deposition subpoena served on Alex Bloom, a reporter

for the Brockton Enterprise, is <u>ALLOWED</u>.  It is well established (as both parties

acknowledge) that a journalist's confidential sources are protected by a qualified

privilege.  To overcome that privilege, a party must show that the summons of a

journalist to a deposition is not frivolous, that the information sought is critical to the

merits of the claim at issue, and that other sources for the information are not available.

*See Bruno & Stillman, Inc.. v. Globe Newspaper Co.*, 633 F.2d 583, 598-599 (1st Cir.

1980).  At the very least, defendant Dr. Harpold has failed to show that she does not

have alternative sources for the information she seeks.  As her counsel acknowledges,

the subpoena is based on speculation that Durand or her counsel were the source of the

information contained in Bloom's January 13, 2013 news article disclosing the filing

of this lawsuit.  The theory is not well articulated but seems premised on the idea that

Ms. Durand may be the author of her own damages.  If so, it would seem the question

would best be put to Ms. Durand herself.  Nor is there any real showing that the

information is critical to the defense of the case.  The issue, to the extent it is not

wholly tangential to plaintiff's malpractice claim, has more to do with the credibility

of the opposing parties than any revelation by Bloom of his source(s).  It is certainly

not of enough heft to warrant a casual trenching upon First Amendment concerns.  *See*

*Cusumano v. Microsoft Corp.*, 162 F.3d 708, 714 (1st Cir. 1998) ("Journalists are the

personification of a press, and to withhold such protection [from third-party discovery

requests] would invite a 'chilling effect on speech,' . . . and thus destabilize the First

Amendment.").  The court will entertain a petition for the payment of the *reasonable*

costs of filing the motion to quash, predicated on a showing by the Brockton Enterprise

that it was not dilatory in bringing the instant motion to the attention of the court.  Any

such petition is to be filed within fourteen (14) days of the date of this Order.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

2